UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **AIRE SERV LLC,** *Plaintiff* | § § § | |
| v. | § § | Cause No. 6:18-cv-238 |
| | § § § | |
| **EVARISTO BELTRE,** *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Aire Serv LLC ("ASV" or "Aire Serv" or "Franchisor") brings this action for damages, against its former franchisee Evaristo Beltre ("Defendant") based on these violations.

### INTRODUCTION

1. Aire Serv is an air conditioning and heating ("HVAC") franchisor. There are hundreds of AIRE SERV® franchises in the United States which devote millions to promote the name "Aire Serv." More than $9.3 million has been spent on Aire Serv advertising since 2008.

2. Defendant's franchise was terminated on January 7, 2019. It was terminated because Defendant refused to pay royalties, advertising fees, or note payments; refused to provide tax returns; refused to maintain insurance; and refused to comply with a contractually mandated audit. At termination, Defendant owed Aire Serv a significant amount of money. To date, Defendant has failed to pay the money owed to Aire Serv.

### PARTIES

3. Plaintiff Aire Serv is a limited liability company organized under Texas law which maintains its principal place of business in Waco, Texas. It is a Texas resident.

4. Defendant Evaristo Beltre is a New York resident. He can be served with process at 57 West Hampton Road, Lindenhurst, NY 11757.

## JURISDICTION AND VENUE

5. Jurisdiction is founded on diversity of citizenship and amount. Plaintiff is a Texas limited liability company formed under Texas law with its principal place of business in Texas. Defendant is a citizen of New York. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial number of events giving rise to the claims asserted in the Complaint occurred in this District and have caused Aire Serv harm in this district. Aire Serv and Defendant entered into agreements in this district wherein they agree to venue in this district. Defendant agreed to this forum as the exclusive venue to resolve disputes in Section 13.3 of the Franchise Agreement, attached as Exhibit A. Defendant is subject to personal jurisdiction in the District and Division to which this action has been assigned. Defendant purposefully availed himself to Texas by signing the contract which is the subject of dispute in Waco, Texas, traveling to Waco for franchisee training, and sending money to Texas to pay license fees. Defendant also has such other contacts with Texas to render the exercise of jurisdiction over him by a Texas federal court consistent with traditional notions of fair play and substantial justice.

## FACTS COMMON TO ALL CLAIMS

7. On September 17, 2015, Defendant Evaristo Beltre became an Aire Serv franchisee for a ten-year term. Defendant promised to pay Aire Serv ten years' worth of royalties, advertising fees and minimums after he had at least two weeks to read the Franchise Disclosure Document explaining the risks and obligations as franchisees.

8. To secure payment of the initial capital investment of Plaintiff, Defendant executed a promissory note on September 8, 2015. See Exhibit 6 to Franchise Agreement. In the note, Defendant

granted Plaintiff a security interest in all present and after-acquired personal property connected to the Aire Serv Franchise or any business performing the same or similar services. On June 30, 2016, the Franchise Agreement was amended to increase Defendant's territory. See Exhibit B. With the increased territory, the Initial Franchise Fee also increased, and Defendant executed a new promissory note to encompass the remaining amount due under the September 2015 promissory note and the new Initial Franchise Fee. See Exhibit C. To date, Defendant has yet to pay the balance on the note.

9. In the Franchise Agreement, Defendant agreed to a series of material terms. Pursuant to Section 3 of the Franchise Agreement, Defendant agreed to pay weekly royalties and advertising fees. Pursuant to Section 5.7 of the Franchise Agreement, Defendant agreed to maintain accurate accounting records, including generating a weekly report of gross sales, monthly profit and loss statements, and audited yearly financial reports. In Section 5.7.4 of the Franchise Agreement, Defendant agreed to provide copies of federal income tax returns. In Section 5.6 of the Franchise Agreement, Defendant agreed to satisfy certain insurance requirements. Defendant also agreed to submit to an audit, which consists of a review or examination of Defendant's business records for the purposes of determining Defendant's compliance with the Franchise Agreement. Franchise Agreement, § 5.12. Defendant breached each of these promises as outlined below.

10. Defendant was selected for an audit after he failed to make royalty and advertising payments and did not submit his weekly reports. On October 5, 2018, Defendant was notified of the documents required by the audit. The independent auditor requested documents from Defendant by October 19, 2018. Defendant failed to respond. The independent auditor sent another document request letter on October 10, 2018, asking for documents by October 26, 2017. Defendant again refused to respond or comply. On October 17, 2018, the auditor tried calling Defendant to discuss the document request and audit.  Defendant did not answer and never responded.  Again, on October 19, 2018, the auditor called Defendant to ask for an update on the document production and requested

a call back.  Defendant did not answer and failed to respond. The auditor tried to contact Defendant again on October 23, 2018, and November 8, 2018, to get an update on document production and Defendant's unwillingness to comply with the audit.  Defendant never answered or responded.

11. Aire Serv gave Defendant yet another opportunity to comply when it sent him the Notice of Default and Intent to Terminate the Franchise Agreement on November 28, 2019. Defendant failed to cure his default, leaving Aire Serv with no choice but to terminate the Franchise Agreement on January 7, 2019. In the Notice of Termination, Aire Serv reminded Defendant of his post-termination obligations as well as of the money owed to Aire Serv. This amount included $8893.38 for unpaid royalties and advertising fees for 10 weeks based on reports, $42,305.18 for the remaining balance of the June 30, 2016 promissory note, $25 in non-sufficient funds fees, $106.44 in software fees, $2099.16 for interest at 12 percent per annum, and $78,975 for future minimums. Defendant did not respond.

12. Aire Serv attempted to contact Defendant numerous times to discuss the debt owed. Defendant failed to meaningfully engage. To date, Defendant has refused to pay or make any attempt to pay the amount owed to Aire Serv. As a result, Aire Serv has no other recourse but to seek relief from this Court.

13. All conditions precedent to Plaintiff's right to bring this action and recover the requested relief have been performed, have occurred, or have been waived.

**Count 1—Breach of Contract**

14. Aire Serv repeats, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Aire Serv entered into a valid and enforceable agreements with Defendant.

16. Defendant has breached his obligations to Aire Serv under the Franchise Agreement, including but not limited to their obligations in the following sections of that contract:

a) Pay the weekly license fee as required under Section 3.3 of the Franchise Agreement.
b) Pay the weekly minimum license fee as required under Section 3.4 of the Franchise Agreement.
c) Pay the weekly marketing and advertising fee as required under Section 3.5 of the Franchise Agreement.
d) Make accurate reports and payments on a timely basis as required under Section 3.6 of the Franchise Agreement.
e) Cover Franchisor's expenses for non-sufficient funds fees as required under Section 3.9 of the Franchise Agreement.
f) Accurately report weekly gross sales with copies of invoices as required under Section 5.7.1 of the Franchise Agreement.
g) Comply fully with an audit of the franchised business as required under Sections 5.7 and 5.12 of the Franchise Agreement.
h) Pay future minimum license fees as required under Section 12.1.5 of the Franchise Agreement.

17. As a direct and proximate result of the Defendant's breaches, Plaintiff has suffered and will continue to suffer, irreparable harm and damages.

**Count 2 – Attorneys' Fees**

18. All of the foregoing and below paragraphs are incorporated herein.

19. Because of Defendant's wrongful conduct, Plaintiff has been required to retain the law firm of Dunnam & Dunnam LLP to prosecute its claims. Plaintiff has agreed to pay their attorneys reasonable fees and expenses for their services. Plaintiff is entitled to recover its reasonable and necessary attorneys' fees and costs incurred in the prosecution of this lawsuit pursuant to the Franchise Agreement and Texas Civil Practice and Remedies Code Section 38.001.

**PRAYER FOR RELIEF**

Aire Serv has been damaged as a direct and proximate result of Defendant's breaches. For these reasons, Aire Serv respectfully requests that this Court:

a. Enter a judgment on its count for breach of contract;

b. Award Aire Serv damages, legal fees, and costs arising out of this matter; and

c. Award Aire Serv such other relief as this Court deems just and appropriate.

Respectfully submitted,

DUNNAM & DUNNAM LLP

/s/ Jim Dunnam
JIM DUNNAM
State Bar No. 06258010
ANDREA MEHTA
State Bar No. 24078992
4125 West Waco Drive
Waco, Texas 76714-8418
Telephone (254) 753-6437
Facsimile (254) 753-7434
jimdunnam@dunnamlaw.com
andreamehta@dunnamlaw.com

**ATTORNEYS FOR PLAINTIFF**